IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**JAMES FERRARI**
9110 Deer Foot Way
Miamisburg, Ohio 45342

Case No.: 3:22-CV-316

Judge

    Plaintiff,

vs.

**U.S. DEPARTMENT OF TRANSPORTATION**
Secretary Pete Buttigieg
1200 New Jersey Avenue, SE
Washington, D.C. 20590

**COMPLAINT WITH JURY DEMAND**

    Defendant.

---

Now comes Plaintiff James Ferrari by his counsel, for his Complaint against Defendant United States Department of Transportation states and avers as follows:

### I. PARTIES, JURISDICTION & VENUE

1. Plaintiff James Ferrari (herein "Plaintiff") is, and at all times relevant hereto was a citizen of the state of Ohio and former employee of Defendant United States Department of Transportation.

2. Defendant, U.S. Department of Transportation ("Defendant" or "DOT") is an executive department of the U.S. federal government and oversees interstate travel. DOT's mission statement claims that its goal is to provide an efficient and modern transportation system to improve the quality of life for all Americans. The Federal Aviation Administration is an agency of DOT and Plaintiff's previous employer.

3. This is an action for damages arising out of workplace discrimination predicated on violations of the Rehabilitation Act of 1973, including the failure to provide reasonable accommodations and subsequent retaliation.

4. This court has subject matter jurisdiction of Plaintiff's disability and retaliation discrimination claims pursuant to 29 U.S.C.§701, et seq.

5. Venue in this court is proper as this Defendant conducts business in this judicial district at the Dayton International Airport.

## II.   FACTUAL BACKGROUND

6. Plaintiff restates the allegations of paragraphs 1-5 herein.

7. Plaintiff began his employment as an Air Traffic Controller on or about July 28, 2011.

8. Plaintiff's disability arises out of his allergies to dust mites and mold. In early June 2017 Plaintiff was diagnosed by Dr. Tolly Epstein as having severe allergies due to dust mites and mold as well as other environmental allergies.

9. Plaintiff's allergies occurred every time he was in the workplace and affected his ability to breathe and resulted in headaches and other medical issues. This also contributed to Plaintiff not receiving adequate sleep at night due to being woken up by a chronic cough at times sometimes, resulting in vomiting and blood discharge.

10. Plaintiff's major duties in his then job position were controlling air traffic using radar and radio and communicating interactively with air crews. The allergies caused Plaintiff to frequently cough and clear his throat resulting in difficulty communicating as well as watery eyes making it difficult to see images clearly on radar.

11. Plaintiff began using a nasal spray and other medications in an attempt to alleviate his workplace difficulties, but they did not solve his problems, due in part to his work facility having

dust around and on the equipment he needed to use to perform his job. In addition the dust accumulated on the carpet in his work area. Initially Plaintiff disregarded his allergist's advice and went on medication that allowed him to remain within medical standards for his job, as he wanted to continue employment with Defendant.

12. On August 3, 2017 Plaintiff made a request for a reasonable accommodation with his second line supervisor, Alan Barker, and gave Barker a note from his physician which explained his need to work in a clean and dust/mold free environment. Defendant failed to make any response to Plaintiff's reasonable accommodation request.

13. On November 10, 2017 Plaintiff received notice that mold had been found in his workplace. Plaintiff then went to Alan Barker again and asked to be placed on administrative leave as a reasonable accommodation; because of his allergy, but Plaintiff's request was again denied.

14. On November 11, 2017 Plaintiff experienced allergy symptoms and requested advanced sick leave again as a reasonable accomodation but his request was once again denied. The denial also violated provisions of Defendant's collective bargaining agreement.

15. Subsequently Plaintiff went on a planned vacation until November 16, 2017 and upon his return he was informed he was being placed on advanced sick leave from November 19, 2017-December 22, 2017 during which the workplace facility would be allegedly cleared of the mold which was discovered in early November 2017.

16. During this time period Plaintiff experienced emotional distress due to Defendant's non-supportive actions and appearing to be totally dismissive of Plaintiff's medical condition/disability and his request for reasonable accommodations. When Defendant completed

the mold remediation at the facility, management failed to advise Plaintiff he might be able to return to work.

17. On September 28, 2017 Plaintiff made initial contact with an EEO counselor concerning his disability and Defendant's alleged failure to provide any reasonable accommodation. A mediation was scheduled and held on November 30, 2017, but unfortunately it ended in an impasse.

18. On December 21, 2017 Plaintiff then filed a formal EEO Complaint predicated on his disability and Defendant's refusal to provide him with any reasonable accommodation. The Complaint was identified as DOT Complaint No. 2017-275562-FAA-04.

19. The claim accepted for investigation was whether Plaintiff was discriminated against by Defendant based on his disability (allergy due to dust mites/mold) when Plaintiff received no response to an August 3, 2017 request for a reasonable accommodation.

20. Subsequently an investigation was conducted of Plaintiff's Complaint by E. Cannon Hassell, a Contract EEO Investigator for the Federal Aviation Administration. Hassell's Report of Investigation (ROI) was submitted on June 19, 2018.

21. On July 6, 2018 Plaintiff requested the appointment of an Equal Employment Opportunity Commission Administrative Judge and a hearing before that Judge on his Complaint of disability discrimination and failure to provide a reasonable accommodation.

22. On November 7, 2018 Defendant advised Plaintiff via a written memorandum that he was then in an absence without leave status and that he was required to select one of four offered options. The four options were: (1) return to regular, full time duty status, if he was medically able to do so; (2) request additional leave without pay (LWOP), subject to staffing and workload; (3) resign from his position; and/or (4) file for optional retirement or disability retirement.

Plaintiff's only available option was in the absence of Defendant providing a reasonable accommodation, and (4) and on December 7, 2018 Plaintiff was forced to medically retire, which retirement was approved with an effective date of June 22, 2019. Plaintiff was forced to retire due to Defendant's failure to provide any reasonable accommodation.

23. Judge Davidson Momah was appointed as the Administrative Judge in EEOC No. 470-2019-00429X/Agency No. DOT-2017-27562-FAA-4.

24. Thereafter Plaintiff withdrew his request for a hearing before Judge Momah and instead opted for a Federal Agency Decision ("FAD"). On March 10, 2020 Judge Momah approved the request for a FAD. As of the filing of this Complaint the FAD has yet to issue, more than two and a half years later and after Plaintiff and his counsel have made numerous requests for same. At all relevant times Plaintiff was informed that the Agency was still working on the FAD. Pursuant to 29 C.F.R. § 1614.110 Plaintiff requests this Court to deem the lack of a timely FAD as a denial of Plaintiff's claims stated in his EEO complaints and as such authorize Plaintiff to bring this action in this Court.

25. Following his initial formal EEO filing of December 21, 2017, Plaintiff on June 8, 2018 requested telework as another reasonable accommodation for his disability, but was denied. Plaintiff advised management that the initial work assigned by Supervisor Jeff Chester between May 30, 2018 - June 4, 2018 could be performed at home. This request was also denied.

26. On June 28, 2018 Plaintiff's request for a reasonable accommodation to work in another area of the facility that was not infested with mold was denied.

27. During the period May 30, 2018 - June 4, 2018 Supervisor Jeff Chester allowed Plaintiff to perform his duties in another building preventing his medical condition from worsening; however, this was later reversed by William Holland and Stephen Lutomski, who demanded

Plaintiff work in the training wing which had documented mold issues. This required Plaintiff to request the balance of his sick leave to avoid exacerbating his medical condition/disability. Defendant granted Plaintiff's request for the period June 4, 2018 - June 26, 2018.

28. On July 30, 2018 Defendant erroneously made a determination that Plaintiff did not have a disability and denied his request for any current and/or reasonable accommodation.

29. During June 25, 2018 to August 10, 2018 Defendant provided some work for Plaintiff at the facility. On August 10, 2018 Plaintiff was forced by Defendant to go on a Medically Disqualified (MDQ) on Leave without Pay Status.

30. On August 31, 2018 Plaintiff filed a second formal complaint of discrimination based on his previously described disability, the refusal to provide reasonable accommodations and retaliation predicated on the EEO charge filed in December 2017.

31. Defendant appointed Pedro R. Oliversas as the investigator for Plaintiff's new charges of discrimination which included the June 8, 2018 denial of telework, the June 28, 2018 denial of Plaintiff's request to work in another area of the facility and a July 11, 2018 request for additional documentation from Plaintiff's physician.

32. On or about April 28, 2019 Mr. Oliversas submitted his Report of Investigation (ROI).

33. On August 8, 2019 Plaintiff requested the appointment of an Equal Employment Opportunity Commission Administrative Judge and a hearing before that Judge on his second complaint of disability discrimination and retaliation.

34. Judge Davidson Momah was again appointed as the Administrative Judge in EEOC No. 470-2019-00430X/DOT-2018-27994-FAA-4.

35. Thereafter Plaintiff withdrew his request for a hearing before Judge Momah and instead opted for a Federal Agency Decision ("FAD"). On March 10, 2020 Judge Momah approved the

request for a FAD. As of the filing of this Complaint, the FAD has yet to issue, more than two and a half years later and after Plaintiff and his counsel have made numerous requests for same. At all relevant times Plaintiff was informed that the Agency was still working on the FAD. Pursuant to 29 C.F.R. §1614.110 Plaintiff requests the Court to deem the lack of a timely FAD as a denial of Plaintiff's claims in his EEO complaint and as such to authorize Plaintiff to bring the action in this Court.

### III.  CAUSES OF ACTION

#### A.  Disability Discrimination
The Rehabilitation Act of 1973, 29 U.S.C. §701, et seq.

36. Plaintiff restates the allegations of paragraph 1-35 herein.

37. At all times relevant herein, Plaintiff suffered from a disability, that is, severe allergies to dust mites and molds, and therefore was protected from discrimination by the Rehabilitation Act of 1973, as amended.

38. Beginning in June 2017 and continuing throughout the remainder of his employment with Defendant, Plaintiff requested numerous reasonable accommodations for his disabilities, including but not limited to a complete cleaning of his workplace facility, the ability to telework, and/or the transfer to another position in the workplace facility.

39. Defendant initially refused to address Plaintiff's requests for a reasonable accommodation and subsequently denied each and every request for a reasonable accommodation. As a result Plaintiff was medically disqualified and no longer able to perform his job duties or accept a promotion offered to him in August 2018.

40. Defendant's denials were unreasonable and constituted a violation of the Rehabilitation Act of 1973. In addition, Defendant made an erroneous determination that Plaintiff was not disabled.

41. Due to Defendant's unlawful actions described herein, including its failure to provide any reasonable accommodations, Plaintiff was forced to go on an unpaid leave status and then was coerced into a medical disability retirement.

42. As a result of Defendant's unlawful actions Plaintiff has been damaged in the form of lost pay and benefits, and front pay and benefits including but not limited to a reduction of retirement benefits. Plaintiff is also entitled to recover statutory damages and reasonable attorney fees.

43. Plaintiff as a result of Defendant's unlawful actions has also suffered mental anguish and emotional distress for which he has sought psychiatric care and as a result has incurred significant additional damages.

### B. Retaliation Discrimination
Rehabilitation Act of 1973, Section 504, 29 U.S.C. §701 et seq.

44. Plaintiff restates the allegations of paragraphs 1-43 herein.

45. In December 2017 Plaintiff filed a prior charge of disability discrimination with Defendant predicated on Defendant's failure to address his request for a reasonable accommodation for his disability.

46. Subsequently Defendant failed to grant Plaintiff any of his requests for a reasonable accommodation as described herein, resulting in Plaintiff being forced to go on leave status and eventually file for a medical retirement.

47. Plaintiff is an individual protected from retaliation by Section 504 of the Rehabilitation Act of 1973.

48. Defendant retaliated against Plaintiff for filing a charge of discrimination in December 2017 predicated on his disability.

49. As a result of Defendant's unlawful actions, Plaintiff has been damaged in the form of lost pay and benefits, and front pay and benefits including but not limited to a reduction in his retirement benefits. Plaintiff is also entitled to recover statutory damages and attorney fees.

50. Plaintiff, as a result of Defendant's unlawful actions has also suffered mental anguish and emotional distress for which he has sought psychiatric care and as a result has incurred significant additional damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff James Ferrari respectfully demands judgment against Defendant U.S. Department of Transportation and prays for the following relief:

A. Reinstatement, together with recovery for lost pay and benefits in an amount in excess of $200,000, and if reinstated is not awarded front pay and benefits in excess of $200,000;

B. Compensatory damages in excess of $200,000;

C. Statutory damages;

D. Reasonable attorney fees and costs; and

E. Pre and post judgment interest; and

F. Such other relief as this Court deems just and equitable.

Respectfully submitted,

DUWEL LAW

**/s/ David M. Duwel**
DAVID M. DUWEL (0029583)
130 West Second Street, Ste 2101
Dayton, Ohio 45402
PH: (937) 297-1154
FAX: (937) 297-1152

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this $n^{th}$ day of November 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. Mail to those parties to whom electronic notice has not been sent. Parties may access the filing through the Court's e-filing system.

/s/ David M. Duwel
Attorney at Law